## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| KIM ANTOINETTE WILLIAMS,        } | |
|          Plaintiff,        } | |
| v.        } | CIVIL ACTION NO. 2:13-cv-703 |
| CAROLYN W. COLVIN,        } | |
| Acting Commissioner,        } | |
| Social Security Administration,        } | |
|          Defendant.        } | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Kim Antoinette Williams' ("Plaintiff") Petition for Attorney Fees. ECF No. 18. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Eastern District of Virginia Local Civil Rule 72. ECF No. 22. For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's Petition for Attorney Fees, ECF No. 18, as modified.

### I. PROCEDURAL BACKGROUND

On December 18, 2013, Plaintiff filed a Complaint pursuant 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration ("Defendant"). ECF No. 1. Defendant answered on March 5, 2013, ECF No. 3, and thereafter, the parties each filed Motions for Summary Judgment, ECF Nos. 7, 9. In her Motion for Summary Judgment, Plaintiff alleged that the Administrative Law Judge ("ALJ") failed to properly develop the record by ordering a consultative examination to evaluate

Plaintiff's Intelligence Quotient ("IQ") and the ALJ incorrectly evaluated Plaintiff's claim under Listing 12.02 instead of Listing 12.05. ECF No. 8 at 2-3. On July 10, 2014, the undersigned recommended that the Court grant Plaintiff's Motion for Summary Judgment, and reverse and remand the decision of the Acting Commissioner. ECF No. 12. Subsequently, the Chief United States District Judge adopted in whole the undersigned's recommendation. ECF No. 14. On October 29, 2014, Plaintiff filed a Petition for Attorney Fees. ECF No. 18. Defendant filed a brief in opposition on November 12, 2014, ECF No. 20, and Plaintiff timely replied on November 14, 2014, ECF No. 21. Accordingly, this matter is ripe for recommended disposition.

## II. STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") provides that a district "court shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded . . . incurred by that party in any civil action," other than tort actions. 28 U.S.C. § 2412(d)(1)(A). As outlined by the Supreme Court of the United States, to obtain an attorney's fee award under the EAJA, the claimant must meet four requirements:

> (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (citations and quotation marks omitted). "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *Jean*, 496 U.S. at 163).

### III. ANALYSIS

At issue, here, is only the reasonableness of the attorney's fees sought by Plaintiff. *See* ECF No. 20 at 1 (arguing that Defendant "does not dispute that Plaintiff is entitled to attorney['s] fees . . . [rather] the [Defendant] opposes Plaintiff's Petition on the ground that Plaintiff seeks an unreasonable amount of attorney['s] fees for this case"). Indeed, Plaintiff is eligible for an award of fees as she meets all four requirements outlined in *Jean*, and this is not contested by Defendant. First, Plaintiff is the prevailing party in this litigation as the "party who w[on] a sentence-four remand order." *Shala v. Schaefer*, 509 U.S. 292, 302 (1993). Second, Defendant's position was not substantially justified, as was previously outlined in the undersigned's Report and Recommendation. *See* ECF No. 12 at 12 ("[T]he ALJ's decision is not supported by substantial evidence."). Third, no special circumstances bar an award of attorney fees entirely; Defendant merely argued that Plaintiff's request should be reduced, not eliminated completely. *See* ECF No. 20 at 1 (requesting that the Court "award Plaintiff's attorney fees of no more than $4,000, plus costs of $400"); *Faircloth v. Colvin*, No. 2:13-cv-156, 2014 WL 5488809, at *5 (E.D. Va. Oct. 29, 2014) (discussing *Jean's* third requirement and holding that because the defendant only "argued that special circumstances justif[ied] a *reduction* in the requested EAJA. . . . Plaintiff ha[d] satisfied the 'special circumstances' prong.") (emphasis in original). Finally, Plaintiff's Petition was timely filed. The Chief United States District Judge adopted the undersigned's Report and Recommendation by order dated August 4, 2014, and Plaintiff had sixty days to appeal the order. 28 U.S.C. § 2107(b)(2). After the expiration of the sixty days, Plaintiff then had thirty days in which to file a Petition for Fees. 28 U.S.C. § 2412(d)(1)(B). Plaintiff's Petition, filed on October 29, 2014, was within that required deadline. Accordingly,

although it is undisputed that Plaintiff is entitled to fees under the EAJA, the Court still must determine a reasonable fee award. *Jean*, 496 U.S. at 161.

### A. Reasonableness of Plaintiff's Requested Attorney's Fees

To calculate an appropriate attorney's fees award, the Court evaluates the reasonableness of the fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrew*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). In determining what constitutes a reasonable number of hours and rate, the Court looks to the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).[1]  Finally, it is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Defendant argued that Plaintiff's fee request is unreasonable on four grounds: first, it "includes excessive amounts of time for several specific attorney tasks;" second, it "includes purely clerical, non-compensable attorney and staff tasks;" third, it "is not justified given the lack

---

[1] These factors are sometimes referred to as "the *Johnson* factors," as they were first expressed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

of complex or novel issues in this case;" and fourth, it "is excessive when viewed in comparison to the average amount awarded in other Social Security cases in the Norfolk and Newport News Divisions of this Court." ECF No. 20 at 1. Defendant's arguments implicate Factor 1, the time and labor expended, Factor 2, the novelty and difficulty of the questions raised, and Factor 12, attorneys' fees awards in similar cases. The undersigned will address each of Defendant's arguments in turn.

### *1. Reasonableness of Time Allotted to Tasks*

Defendant objected to the time allotted to certain tasks by Plaintiff's attorney on the grounds that the "hours are excessive and not reasonably expended on the litigation." ECF No. 20 at 5. Specifically, Defendant argued that five time entries, each listing fifteen minutes for reviewing different court orders, were excessive because Plaintiff used an "overly inflated amount of time to review several short, routine Court orders." *Id.* In response, Plaintiff's attorney explained his process for reviewing a court order, which involved not only reading the order, but also filing it and making appropriate notations to the client's file. ECF No. 21 at 2. Accordingly, fifteen minutes to review a court order is not excessive. *See, e.g., Gibby v. Astrue,* 2:09-cv-29, 2012 WL 3155624, at *3 (W.D.N.C. Aug. 2, 2012) (finding that fifteen minutes was a reasonable time to review a two- and one-half page pleading).

Defendant, relying on *Gibby*, also challenged the 1.25 hours devoted to drafting the Complaint, arguing that "[e]xcluding the case caption and the signature page, Plaintiff's Complaint contains just two pages of largely routine, pro-forma allegations common to all Social Security cases." ECF No. 20 at 5-6. Notably, the district court in *Gibby* reduced the allowable hours for drafting the complaint based on the complaint's length and lack of detail. *Gibby*, 2012 WL 3155624, at *2. The undersigned is familiar with similar Social Security complaints, like

that in *Gibby*, which are little more than templates with relevant dates added, and which do not set out any details regarding the nature of the claim of disability and the specific claim of error. Conversely, the Complaint here, albeit not extremely detailed, does contain specific details with respect to the basis of the Plaintiff's claim of disability and how the ALJ erred. ECF No. 1 at 2-3, ¶¶ 4-5. Thus, the 1.25 hours devoted to the Complaint's drafting is not excessive.

Defendant also relies on *Gibby* to reduce amount of hours reviewing the answer. But the *Gibby* Court permitted .25 hours to review the answer, the same amount of time requested here. 2012 WL 3155624, at *3. Accordingly, the requested time to review the answer is not excessive.

Finally, Defendant argued that Plaintiff's attorney's time of 2.5 hours for drafting the fee petition and brief is unreasonable. ECF No. 20 at 6. Defendant contended that the time is excessive because the brief is substantially similar to a brief Plaintiff's counsel filed in another case, *Harris v. Colvin*, No. 2:14-cv-13 (E.D. Va. Sept. 18, 2014). Defendant is correct that the brief in support of the petition for fees in the two cases are substantially similar, with the exception that the brief in this case included a discussion of the arguments considered by the court and its subsequent ruling as relevant to this case. *Compare* ECF No. 19 at 3, *with Harris v. Colvin*, No. 2:14-cv-13, ECF No. 15 at 3. Accordingly, 2.5 hours for the petition is excessive, and that time will be reduced to 1.0 hours. However, the undersigned notes that the 2.5 hours allotted for the reply memorandum is reasonable, as it is directly responsive to Defendant's brief in opposition to the fee petition.

### 2. Clerical Tasks

Defendant also challenged Plaintiff's attorney's time entries devoted to clerical tasks. ECF No. 20 at 7. Thereafter, Plaintiff withdrew the request for fees for those specific tasks. ECF No. 21 at 4. Administrative or clerical work is not ordinarily recoverable. *Abusamhadaneh*

*v. Taylor*, No. 1:11cv939, 2013 WL 193778 at *38 (E.D. Va. Jan. 17, 2013) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees."); *see, e.g., Morse v. Republican Party of Va.*, 972 F. Supp. 355, 366 (W.D. Va. 1997) (denying attorneys' fees for time spent filing papers as a disallowed "clerical task[]"). Accordingly, the time devoted to clerical tasks including 2 hours of attorney billing and 1 hour of administrative staff time will be eliminated from the fee award. *See* ECF No. 20 at 7; ECF No. 21 at 4.

### 3. Case Complexity or Presence of Novel Issues

Defendant alleged that Plaintiff's fee request is unreasonable because this case was not complex or novel as evidenced by the relatively brief medical record and presence of only two contested issues. ECF No. 20 at 10-11. Notably, though, this case did involve full summary judgment briefing, as opposed to a straight-forward agreed remand. So while perhaps not terribly complex, this case nonetheless was more involved than other Social Security appeals. For example, in *Faircloth v. Colvin*, this Court determined 39 hours to be reasonable in a Social Security appeal when the plaintiff filed a motion for summary judgment, the defendant filed a motion to remand, and the plaintiff opposed remand. 2014 WL 5488809, at *1, 2. *Faircloth*, then, involved similar briefing to that of the case at hand. Moreover, the issue in dispute here was not one that is commonly litigated in Social Security appeals, such as disputes over the treating physician rule or the ALJ's determination of a claimant's credibility. Accordingly, the permitted 41.5 hours deemed reasonable by the undersigned, *see infra* Section III(A)(4), comports with this Court's previous decision in *Faircloth*.

### 4. Comparison to Other Eastern District of Virginia EAJA Fee Awards

Defendant cited numerous cases from this Court, arguing that the "average EAJA award to date in 2014 was $4,834.58 in attorney fees and $112.65 in costs." ECF No. 20 at 11. However, even if the undersigned were to accept that average as an appropriate general guideline, Plaintiff is correct that the cases cited by Defendant represent a variety of circumstances where a one size fee award does not fit all cases. For example, some cases involved consent remands and stipulated fees, others were contested but had stipulated fees, and still others involved the situation at hand—both a fully contested appeal and fee petition. *See* ECF No. 21 at 6-7. Moreover, some, like *Faircloth*, were awarded fees at the statutory rate of $125 per hour without upward adjustment for cost of living considerations based on the Consumer Price Index (CPI) per 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Defendant does not dispute that the fees should be adjusted according to the CPI. Moreover, had *Faircloth's* counsel relied on and argued for the higher CPI adjusted fee, the 39 hours the Court found reasonable there would have resulted in a fee award nearly equal to the award sought in this case.[2] *See* 2014 WL 5488809, at *2.

Naturally, those cases which are hotly contested and generate full briefing are going require more attorney time and therefore justify a higher fee award under EAJA when plaintiff prevails. So, too, when the issues contested are not the common ones often seen in Social Security appeals, it stands to reason that additional time is necessary to research and draft appropriate memoranda. Plaintiff here seeks a total of 43 hours.[3] *See* ECF No. 21, attach. 1 (listing time entries and omitting clerical tasks). Reducing the time entry for drafting the fee

---

[2] This Court in *Faircloth* awarded $4,875 for 39 hours of work at the statutory rate of $125 without upward adjustment per the CPI. The case spanned 2013 and 2014, but even calculating the rate using the adjusted 2013 rate of $187.02 per hour, the award would have been $7,293.78, if the adjusted rate had been used.

[3] Although Plaintiff voluntarily eliminated all time entries for clerical tasks, ECF No. 21 at 4, Plaintiff incorrectly included a time entry of 0.25 hours for "3/19/2014 Review briefing schedule and set up calendar," ECF No. 21, attach. 1, which should have been omitted. Accordingly, Plaintiff's actual request after omitting the clerical tasks is 43 hours, not 43.25 as represented. *See* ECF No. 21, attach. 1.

petition, that total is 41.5 hours. *See supra* Section III(A)(1). The bulk of that time, 28.75 hours, was spent researching and drafting Plaintiff's Motion for Summary Judgment memorandum and the reply memorandum. ECF No. 21, attach. 1. That amount of time is reasonable. The issue in this case centered on the ALJ's failure to evaluate Plaintiff under the appropriate listing, which if he had, would have necessitated ordering a consultative examination. Analysis of this issue required research and explanation of both the application of certain Social Security listings to the facts of the case and discussion of supporting case law. Accordingly, 41.5 hours is reasonable considering the *Johnson* factors, Plaintiff's counsel's billing records, and the procedural history of this case. Applying the hourly rate as adjusted by the CPI pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii),[4] Plaintiff's counsel should be awarded attorneys' fees for 4.75 hours at a rate of $187.02/hour, and 36.75 at a rate of $189.78/hour, resulting in a total award of $7,862.76 in fees and $400 in costs.

## VI. **RECOMMENDATION**

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Petition for Attorney Fees, ECF No. 18, be **GRANTED** as modified, and Plaintiff's counsel awarded $7,862.76 in fees and $400 in costs to be paid directly to John O. Goss, Esq. per Plaintiff's Assignment of EAJA Attorney Fees, ECF No. 18, attach. 1.

## VII. **REVIEW PROCEDURE**

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this report and recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C);

---

[4] The appropriate adjusted hourly rate is $187.02 per hour for the 2013 fees and $189.78 per hour for the 2014 fees. *See* ECF No. 19 at 5 (calculating the rate based on the CPI).

FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  The Chief United States District Judge shall make a de novo determination of those portions of this report and recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this report and recommendation to the counsel of record for the Plaintiff and Defendant.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 7, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. John O. Goss
GOSS & FENTRESS
735 Newtown Road, Suite 100
Norfolk, Virginia 23510
Counsel for Plaintiff

Mr. Daniel P. Shean
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

Fernando Galindo
Clerk of Court

_____
Deputy Clerk
January _8_, 2015

11